IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE ANTHONY CARRERA, <br> MYRIA CARRERA FERNANDEZ, <br> HEATHER CARRERA, SYLVIA M. CARRERA, INDIVIDUALLY AS THE REPRESENTATIVES OF THE STATE OF JOEL CARRERA, DECEASED <br>   Plaintiffs, <br><br> vs. <br><br> TROY CHRISTOPHER CHAFFEE, KNIGHT TRANSPORTATION, INC. AND KNIGHT TRANSPORTATION, INC. D/B/A KNIGHT TRANSPORTATION TEXAS, INC. <br>   Defendant. | § § § § § § § § § § § § § § § § § § § § | C.A. No. 3:20-cv-3584 |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, **KNIGHT TRANSPORTATION, INC. and KNIGHT TRANSPORTATION, INC. D/B/A KNIGHT TRANSPORTATION TEXAS** (IMPROPERLY NAMED) and hereby give notice of its removal of Cause No. D20-29284-CV; filed in the 13th Judicial District Court of Navarro County, Texas, to the United States District Court for the Southern District of Texas pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

### Factual Background

1. On or about November 7, 2018, Plaintiff claims he was injured when his vehicle was struck by a KNIGHT TRANSPORTATION, INC. tractor and trailer in Navarro County, Texas. Plaintiff filed suit in state court.

2. Plaintiff filed suit in state court on November 6, 2020. Service of Citation and Petition with Requests for Disclosure, Request for Production and First Set of Interrogatories (filed with the court and served with Petition) on **KNIGHT TRANSPORTATION, INC.** and **KNIGHT**

631960.1 PLD 0001479 20578 RDO

**TRANSPORTATION, INC. D/B/A KNIGHT TRANSPORTATION TEXAS** by service on its registered agent, CT Corporation, received on November 6, 2020. In Plaintiff's Petition there is a monetary claim for damages over $200,000 and less than $5,000,000.00, which exceeds the jurisdictional minimum. The case has been on file for less than one year. Removal is both timely and appropriate.

## Basis for Removal and Jurisdiction

3. This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is greater than $75,000.00.

## Full Diversity Between the Parties

*Complete Diversity of Citizenship*

4. To have diversity of citizenship, each plaintiff must have a different citizenship from each defendant. 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties as the Plaintiff is a Texas citizen and none of the Defendants are Texas citizens or corporations

5. Plaintiffs, Joe Anthony Carrera, Myria Carrera Fernandez, Heather Carrera, Sylvia M. Carrera and Joel Carrera, II, Individually as the Representatives of the State of Joel Carrera, Deceased, are citizens of the State of Texas.

6. Defendant, Troy Christopher Chaffee, is a resident and citizen of the State of Utah.

7. Defendant, Knight Transportation, Inc.. is an Arizona corporation with its principal place of business in Phoenix, Arizona.

*Amount in Controversy*

8.     In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

9.     In papers filed in State court, Plaintiff alleges damages being sought are over $200,000 and less than $5,000,000.00.

## Removal is Timely and Appropriate

10.     If the plaintiff creates diversity jurisdiction sometime after filing the initial complaint, the defendant has one year from the commencement of the suit to remove. 28 U.S.C. § 1446(b). A defendant has 30 days to remove a civil action after receipt of the first pleading or other paper that establishes the jurisdictional grounds. 28 U.S.C. § 1446(b). When diversity is the basis for removal, the defendant can rely on the plaintiff's voluntary assertion of damages within the complaint to meet the monetary jurisdictional requirement for diversity. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiff's Pleading voluntarily asserts an amount in controversy over $200,000 and less $1,000,000.00. This removal is filed within the thirty (30) days of the service of Plaintiff's Petition. The removal is both timely and appropriate.

## Jury Demanded

11.     Defendants request that the case be tried before a jury.

## Consent of Served Defendants

12.     All Defendants consent to this removal.

## Compliance with Local Rule and Notice Requirements

13.     Pursuant to 28 U.S.C. § 1446 and Local Rule 81, the following documents are attached to this Notice:

| | |
|---|---|
| Exhibit A | Plaintiff's Original Petition and Requests for Disclosure, Requests for Production and First Set of Interrogatories to Defendants. |
| Exhibit B | Civil Process Requests |
| Exhibit C | Return of Citation on Knight Transportation, Inc. |
| Exhibit D | Return of Citation on Knight Transportation, Inc. d/b/a Knight Transportation Texas, Inc. |
| Exhibit E | Civil Docket Sheet |

Defendants know of no orders signed by the state judge.

14. Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument will be given to Plaintiff. A true and correct copy of this Notice of Removal will also be attached as an exhibit with the written Notice of Removal filed with the clerk of the state court.

Respectfully submitted,

*/s/ Ryan T. Hand*

Ryan T. Hand

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rth@lorancethompson.com
**ATTORNEY FOR DEFENDANTS
KNIGHT TRANSPORTATION, INC. AND
KNIGHT TRANSPORTATION, INC. d/b/a
KNIGHT TRANSPORTATION TEXAS, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of December 2020 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Corey Gomel
Dominique Bartholet
**GOMEL & ASSOCIATES, P.C.**
1177 West Loop South, Suite 1400
Houston, Texas 77027
E-Mail: dbartholet@713abogado.com

_____
Ryan T. Hand

631960.1 PLD 0001479 20578 RDO